O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE,<br><br>                    Plaintiff,<br><br>          v.<br><br>BRADLEY D. MITTMAN, M.D., d/b/a FRONTRUNNERS BOARD REVIEW and FRONTRUNNERS PUBLISHING,<br><br>                    Defendant. | CASE NO. SACV 08-929 AG (MLGx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM |

Plaintiff American Board of Internal Medicine ("Plaintiff") has filed a Motion to Dismiss Defendant's Second Amended Cross-Complaint ("Motion"). Because the Court finds that Defendant's counterclaims are time-barred, the Court GRANTS Plaintiff's Motion without leave to amend.

**BACKGROUND**

The following facts are taken from Plaintiff's Complaint. Plaintiff is a non-profit corporation that grants board certification in internal medicine and eighteen sub-specialties of

1  internal medicine to physicians who meet certain qualifications, including acceptable scores on
2  secure, proctored examinations in the relevant subject areas.  (Compl. ¶ 11.)  Board certification
3  lasts ten years, and physicians wishing to maintain or renew their certification may do so through
4  Plaintiff's Maintenance of Certification process.  (Compl. ¶ 13.)  *Pro se* Defendant Bradley D.
5  Mittman, M.D. ("Defendant"), doing business as Frontrunners Board Review and Frontrunners
6  Publishing, sells packages of books, recordings, and courses of instruction for physicians
7  preparing for the certification examinations administered by Plaintiff.  (Compl. ¶ 24.)  On
8  August 15, 2008, Plaintiff filed suit against Defendant for copyright infringement and unfair
9  competition, citing Defendant's alleged unauthorized copying and distribution of copyrighted,
10 secure examination questions.  On October 21, 2008, Defendant filed a counterclaim against
11 Plaintiff for violations of Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2.
12 Defendant's Second Amended Counterclaim ("SACC") details an alleged agreement between
13 Plaintiff and the American College of Physicians ("ACP") that Plaintiff would endorse the
14 ACP's continuing medical education products, thereby inducing physicians contemplating re-
15 certification with Plaintiff to purchase educational materials from ACP and not from other
16 companies, including Defendant's.
17      Plaintiff here moves to dismiss Defendant's Second Amended Counterclaim in its
18 entirety.
19
20 **LEGAL STANDARD**
21
22      Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a
23 plaintiff's allegations fail to state a claim upon which relief can be granted.  Fed R. Civ. P.
24 12(b)(6).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the
25 pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).  "Ordinary pleading rules are not meant to
26 impose a great burden upon a plaintiff."  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347
27 (2005).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice
28 of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct.

1  2197, 2200 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964
2  (2007)).  Thus, a complaint may not be dismissed for failure to state a claim where the
3  allegations plausibly show "that the pleader is entitled to relief." *Bell Atlantic*, 127 S.Ct. at
4  1965.  Conversely, a complaint should be dismissed for failure to state a claim where the factual
5  allegations do not raise the "right of relief above the speculative level." *Id*.  In order to survive a
6  motion to dismiss under Rule 12(b)(6), an antitrust complaint "need only allege sufficient facts
7  from which the court can discern the elements of an injury resulting from an act forbidden by the
8  antitrust laws." *Cost Mgmt. Servs. v. Washington Natural Gas Co.*, 99 F.3d 937, 950 (9th Cir.
9  1996) (quoting *Newman v. Universal Pictures*, 813 F.2d 1519, 1522 (9th Cir. 1987)).

10      In deciding a 12(b)(6) motion, the Court must accept as true all factual allegations in the
11  complaint and must draw all reasonable inferences from those allegations, construing the
12  complaint in the light most favorable to the plaintiff.  *Westlands Water Dist. v. Firebaugh Canal*,
13  10 F.3d 667, 670 (9th Cir. 1993); *see also Enesco Corp v. Price/Costco, Inc*., 146 F.3d 1083,
14  1085 (9th Cir. 1988).  However, courts are not required "to accept as true allegations that are
15  merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*
16  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

17      Dismissal without leave to amend is appropriate only when the Court is satisfied that the
18  deficiencies of the complaint could not possibly be cured by amendment.  *See Jackson v. Carey*,
19  353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996));
20  *See also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

21

22  **DISCUSSION**

23

24      Defendant asserts that Plaintiff's agreement with the ACP constitutes a violation of
25  Sections 1 and 2 of the Sherman Antitrust Act.  Plaintiff argues, among other things, that
26  Defendant's claims are time-barred.  The Court agrees.
27      "Any action to enforce any cause of action under section 15, 15a, or 15c of this title shall
28  be forever barred unless commenced within four years after the cause of action accrued."  15

U.S.C. § 15b.  "The basic rule is that damages are recoverable under the federal antitrust acts only if suit therefor is 'commenced within four years after the cause of action accrued.'" *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971).  The Ninth Circuit has explained that an anti-competitive act "made outside the limitations period does not constitute a continuing violation even if the injury continues within the statut[ory] period." *Pace Industries, Inc. v. Three Phoenix Co.*, 813 F.2d 234, 237-39 (9th Cir. 1987) (internal citations omitted).  In other words, an antitrust plaintiff must allege a "new and independent act that is not merely a reaffirmation of a previous act" and "inflicts new and accumulating injury on plaintiff." *Id.* at 238.

Here, Defendant's counterclaim was originally filed on October 21, 2008.  But as Plaintiff points out, Defendant alleges no new and independent overt acts that occurred after 2003.  Repeatedly, Defendant alleges that Plaintiff and the ACP began conspiring to violate the antitrust laws "as early as 2000."  (*See* SACC ¶¶ 1, 2, introduction to ¶ 31.)  Defendant also alleges that ABIM and ACP formed a Liaison Committee in 2002, "at least 2 years after the start of their first hush negotiations with the ABIM, and subsequent re-certification requirements."  (SACC ¶ 33.)   To support his allegations, Defendant references one of Plaintiff's tax filings, alleging that it "summarizes the whopping 50% increase in revenue for [Plaintiff] in 2002 immediately following the attempts to monopolize, exclusive endorsement agreement, and vertical tying arrangement with the ACP."  (SACC ¶ 53.)  The Court finds that Defendant's counterclaims under the Sherman Act are time-barred.

The Motion to Dismiss is GRANTED without leave to amend.  Defendant has now been given three opportunities to produce a viable pleading, and the Court is satisfied that the deficiencies of Defendant's counterclaims cannot be cured by further amendment.

**DISPOSITION**

Plaintiff's Motion to Dismiss is GRANTED without leave to amend.

IT IS SO ORDERED.

DATED: May 4, 2009

_____
Andrew J. Guilford
United States District Judge

5